**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

RUBEN C.R.,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director, Immigrations and Customs Enforcement; DAVID EASTERWOOD, Field Office Director of Enforcement and Removal Operations, Minneapolis – St. Paul Office, Immigration and Customs Enforcement; JOEL BROTT, Sheriff of Sherburne County, Minnesota,

Respondents.

Case No. 26-CV-2950 (NEB/DTS)

ORDER ACCEPTING
REPORT & RECOMMENDATION

Ruben C.R. petitions for a writ of habeas corpus seeking release from Immigration and Customs Enforcement ("ICE") custody. (ECF No. 2 ("Pet.").) A citizen of Mexico, Ruben C.R. has lived in the United States since 1999, when he entered the county without inspection. (*Id.* ¶ 21.) He resides in Minnesota, is married to a United States citizen, and has two stepchildren. (*Id.* ¶ 13.)

Two decades ago, Ruben C.R. was convicted of driving under the influence and sentenced to one year of probation. (ECF No. 8 ¶ 5; ECF No. 8-1 at 3.) And on March 19, 2026, Ruben C.R. was arrested by county law enforcement and charged with multiple felony counts of drug possession and receiving stolen property. (Pet. ¶ 3; ECF No. 2-1 at

8.) He posted bond two days later and was released from state custody. (Pet. ¶ 34; ECF No. 2-3 at 1.) Those charges remain pending. (Pet. ¶ 34.)

On May 14, 2026, Ruben C.R. attended an in-person criminal hearing at the county courthouse. (*Id.* ¶ 5.) After that hearing, he returned to his car and was confronted by ICE, who arrested Ruben C.R. pursuant to a Form I-200 warrant dated March 13, 2026. (*Id.* ¶ 6; ECF No. 8-2.)

While effectuating the arrest, ICE removed Ruben C.R. from his car with enough force to cause a spinal fracture. (Pet. ¶ 35.) This injury required emergency medical care, so ICE brought Ruben C.R. to the hospital. (ECF No. 8 ¶ 10.) Ruben C.R. was discharged from the hospital on May 19, 2026 and transported to Sherburne County jail for processing; ICE issued a Notice to Appear ("NTA") that day. (*Id.*; ECF No. 8-3.) Ruben C.R. remains detained at Sherburne County jail. (Pet. ¶ 8.)

In a Report and Recommendation ("R&R") dated July 28, 2026, United States Magistrate Judge David T. Schultz recommends that this Court grant Ruben C.R.'s petition and order his immediate release. (ECF No. 10.) Respondents object to the R&R (ECF No. 11), so the Court reviews it *de novo*. 28 U.S.C. § 636(b)(1). Because the Court agrees that Ruben C.R.'s arrest was unlawful, the Court accepts the R&R and orders his immediate release.

**ANALYSIS**

"Like any federal agency, ICE 'literally has no power to act—including under its regulations—unless and until Congress authorizes it to do so by statute.'" *Luis A.S. v. Easterwood*, No. 26-CV-2447 (PJS/DTS) (D. Minn. May 26, 2026), ECF No. 9 at 2 (quoting *Fed. Election Comm'n v. Ted Cruz for Senate*, 596 U.S. 289, 301 (2022)). The Immigration and

Nationality Act provides two mechanisms by which "it is appropriate to arrest an alien during the removal process." *Arizona v. United States*, 567 U.S. 387, 407 (2012). First, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Second, under 8 U.S.C. Section 1357(a)(2), ICE has "limited authority" to make warrantless arrests. *Arizona*, 567 U.S. at 408. Here, neither mechanism authorized Ruben C.R.'s arrest.

## I. Validity of Warrant

Ruben C.R. contends that his arrest was unlawful because, among other things, the Form I-200 administrative warrant was defective. (ECF No. 9 at 4–9.) Under ICE's regulations, a Form I-200 warrant authorizes a non-citizen's arrest if it is issued "[a]t the time of issuance of the [NTA], or at any time thereafter and up to the time removal proceedings are completed[.]" 8 C.F.R. § 236.1(b)(1). In other words, "[ICE] may arrest a non-citizen using a Form I-200 only if the Form I-200 issues at the same time or after [the Department of Homeland Security] issues an NTA." *Vladimir G. v. Easterwood*, No. 26-CV-2971 (JMB/ECW), 2026 WL 1786418, at *2 (D. Minn. June 22, 2026).

Sequencing errors—when ICE issues a Form I-200 before issuing the NTA—are not trivial. The Form I-200 warrant empowers ICE to arrest noncitizens *during* removal proceedings, and the NTA is what initiates removal proceedings. 8 C.F.R. § 236.1(b)(1); 8 U.S.C. § 1229(a)(1) (stating that ICE "shall" give noncitizens in removal proceedings "written notice" of the proceedings in the form of a "notice to appear"). "Thus, a warrant issued before removal proceedings have begun purports to exercise authority that does not yet exist." *Jesus F.D. v. Mullin*, No. 26-CV-2486 (PJS/DTS) (D. Minn. June 10, 2026), ECF No. 10 at 5–6.

Here, the Form I-200 was issued on March 13, 2026, and the NTA was issued more than two months later on May 19, 2026. (ECF Nos. 8-2, 8-3.) Respondents explain that service of the NTA was delayed because ICE sought emergency medical care for Ruben C.R.'s spinal fracture. (ECF No. 11 at 9 (citing 8 C.F.R. § 287.3(d)).) But this delay does not—and cannot—resolve the antecedent defect: ICE issued a Form I-200 warrant more than two months before an NTA existed to support it. Thus, the Form I-200 is invalid; Ruben C.R.'s arrest was functionally warrantless. *Vladimir G.*, 2026 WL 1786418, at *3.

## II. Warrantless Arrest

Respondents' primary objection to the R&R is that invoking the authority of Section 1226(a) on the Form I-200 does not determine the statutory basis of detention. But the Court need not decide whether Section 1226(a) governed Ruben C.R.'s detention; even assuming, as Respondents urge, that Ruben C.R. is detained under Section 1225(b)(2), his warrantless arrest was still unlawful.

ICE can detain Ruben C.R. pursuant to Section 1225(b)(2) only if it "first compl[ied] with 8 U.S.C. § 1357(a)(2), which addresses federal immigration officials' authority to make warrantless arrests." *Francisco M.A. v. Blanche*, No. 26-CV-2032 (JRT/EMB), 2026 WL 1229701, at *3 (D. Minn. May 5, 2026); *see also Fernando C.C. v. Bondi*, No. 26-CV-1235 (LMP/JFD), 2026 WL 446408, at *2 (D. Minn. Feb. 17, 2026); *Jesus F.D.*, No. 26-CV-2486 (PJS/DTS), ECF No. 10 at 6–7.

Section 1357(a)(2) authorizes an immigration officer to effectuate a warrantless arrest of a noncitizen "if he has reason to believe that the alien so arrested in violation of any [immigration] law or regulation *and* is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2) (emphasis added). Courts construe "reason

to believe" to mean "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

Even assuming that ICE had probable cause to believe that Ruben C.R. was unlawfully present in the country, nothing in the record reflects any basis to conclude that he was a flight risk. Quite the opposite. Ruben C.R. is married to a U.S. citizen and has two stepchildren. (Pet. ¶ 13.) And his criminal history alone does not establish probable cause of flight before a warrant could be obtained. *Ahmed S. v. Blanche*, No. 26-CV-2265 (KMM/DLM), 2026 WL 1998718, at *6 (D. Minn. July 10, 2026) ("The relevant inquiry is not whether the noncitizen has failed to be law-abiding in the past, but whether immigration enforcement would be able to arrest the noncitizen at another clearly identifiable location." (citation modified)). Indeed, ICE arrested Ruben C.R. after he voluntarily appeared at a criminal hearing. (Pet. ¶¶ 5–6.)

Because ICE did not have probable cause to believe that Ruben C.R. was a flight risk, Section 1357(a)(2) did not authorize Respondents to arrest him without a warrant.

## III. Appropriate Remedy

Release is the typical remedy in habeas proceedings. *Munaf v. Geren*, 553 U.S. 674, 693 (2008). And courts in this District have repeatedly concluded that release is the proper remedy for a warrantless arrest that fails to comply with 8 U.S.C. Section 1357(a)(2). *Ahmed S.*, 2026 WL 1998718, at *7 (collecting cases); *see also Venancio P.J. v. Blanche*, No. 26-CV-2740 (ECT/JFD), 2026 WL 1862252, at *3 (D. Minn. June 29, 2026) (granting immediate release of petitioner subject to mandatory detention under Section 1225(b)(2)(A) whose warrantless arrest violated Section 1357(a)(2)).

Respondents argue that, so long as the basis for detention is lawful, defective arrest does not require release. (ECF No. 11 at 7–8.) But the cases Respondents cite stand for a narrower proposition: an illegal arrest cannot block the government's underlying case. *Emily Andreina N.V. v. Blanche*, No. 26-CV-2570 (KMM/EMB), 2026 WL 2209844, at *4 (D. Minn. July 31, 2026). For example, "evidence of alienage" procured through unlawful search and seizure does not void the "whole deportation proceeding." *U.S. ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 153, 158 (1923); *see also I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039–40 (1984) (rejecting noncitizen's claim that his deportation should be prohibited because immigration officers conducted an unlawful search). This reasoning does not apply to Ruben C.R., who is seeking release from custody—not asking this Court to prohibit removal proceedings against him. *Emily Andreina N.V.*, 2026 WL 2209844, at *4 ("Seeking release from custody in an immigration habeas case based on an illegal arrest is not akin to . . . a noncitizen's effort to prohibit the government from pursuing removal proceedings.").

The Court orders Ruben C.R.'s immediate release.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation (ECF No. 10) is ACCEPTED;

2. Respondents' Objection (ECF No. 11) is OVERRULED;

3. Petitioner Ruben C.R.'s Petition for Writ of Habeas Corpus (ECF No. 2) is GRANTED; and

4. Respondents are ordered to release Petitioner from custody by August 10, 2026. He must be released:

   a. Inside the State of Minnesota;

   b. At a safe time and place communicated in advance to counsel (Karen Venice Bryan; karen.bryan@kblawgrp.com; 612-345-4782); and

   c. With all Petitioner's personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys.

5. Respondents shall file a status update with the Court acknowledging the release of Petitioner with his personal effects.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 7, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge